Shiloh Hoegaard Yes, I can never tell what counselors said. And you're the appellant? Aye. That's fine. We'll just have little labels. Go ahead. We'll just have little labels telling lawyers what to say. I can never tell. May it please the Court, I am Shiloh Hoegaard, representing Stephen and Kelly Murdock. Also sitting at my table is Brett Rigg from our law firm. I do intend to reserve some time for rebuttal. You know, you have whatever time's on the clock, and whatever's left when you sit down will be yours. Thank you. Your Honors, the primary issue I would like to address this morning is the violation of Mr. Murdock's liberty interest and the district court's error in holding that there was no publication. What brings us here today is an unfortunate set of circumstances in which a highly respected, well-qualified school teacher with great teaching evaluations May I just interject very quickly because we do not have a lot of time? Sure. In reference to the liberty interest claim, the publication component, it is clear that Judge Campbell did not address the claim that the creation of the renewal letter is a public record. I've looked at the record. That cannot be destroyed. It must be available to the public. The question I have, I have two questions. Where in the evidence did you make that claim to the district court? And if you thought the district court got it wrong or overlooked the claim, why didn't you move pursuant to Local Rule 7-2 for reconsideration? Your Honor, it's our belief that the issue was raised in the response brief submitted by the Murdocks. I will agree that the phrase made a public record when it was created. Those specific words were not used in the response brief. However, I think it's clear when you read the arguments that we raised that the obvious focus was on the non-renewal notice and that document. We weren't focusing on the personnel file. We made reference to the What Judge Otero is asking, which is also on my mind, and I might guess it's perhaps on Judge Smith's mind, you know, all of us being trial lawyers, trial judges once in a while, nobody likes to get reversed, but that's part of being a judge in an inferior court is some people above you. But trial judges really, really hate being reversed on matters that have not been fairly raised to them. I mean, and this is a fair question that Otero is asking you. Do you think that you fairly raised this question to Judge Campbell, so he had either in your motion original opposition or in a motion for reconsideration, you know, here you missed the boat on this issue, we want you to address it? Because obviously the judge did not address it. I'm, you know, I think this is a fair question. And I'm personally not convinced that you did. Okay. Well, and secondly, it's a discretionary decision for the good court in deciding how to deal with this. Sure. And therefore, he had no chance to make even a decision. Sure. And again, I do agree that the specific words weren't specified in the response brief. As to why it was not raised in a motion for reconsideration, I frankly don't have a response to that.  Why don't you then tell us why this issue isn't simply waived? This is how a system works. We have a sort of a basic rule that except in highly unusual circumstances where it's plain air, I mean, there are very limited circumstances, matters not fairly raised to the trial court aren't the proper subject of an appeal. And that's how a system works. Sure. In Canada and other places it's somewhat different, but that's our system is based on this rule. Sure. We do contend that if the waiver is going to be made an issue, we do believe that an exception would apply. The third exception being that this is a purely legal issue and that the record, the pertinent record was sufficiently developed below. The legal issue is whether the notice of non-renewal as a public record satisfied the publication requirement. That is a purely legal question. Let me make sure I understand. I mean, I gather you've given as good an answer as you have to Dr. Terrell's questions. Let me just go to the question of publication. The letter is no longer in the file, right? Well, that is our understanding based on statements made by the school district, correct? Have you tried to obtain the record? Yes. The personnel file? Yes. It's no longer in that. We're comfortable that it's no longer in the personnel file. Okay. I mean, I don't want to quibble about it if there is no dispute. So the letter is not there. Is there any indication that during the life of the – during the – and there was some period when the letter was in the file. We are told, we believe, right? Correct. I don't think there's any fair dispute about that, but there was some time. Is there any indication that during that time anybody obtained the file and had a look at the letter that could have seen the letter or did see the letter or – and there was a follow-up to that and that there were any adverse consequences your client suffered as a result of that? So, you know, as part one, did anybody see it? Part two, if so, any adverse consequences that you've alleged? Well, Your Honor, to answer the first question, no. There is no evidence that anybody did actually see it. So isn't it sort of like a tree falling in the forest? Well, no, Your Honor, because, again, following the Cox decision, which adopted the rationale in Buxton and the same rationale that's been used in other circuit courts, the issue isn't actual dissemination. It's whether there's a likely disclosure or whether it's been made available to the public. And so the issue isn't whether it was actually disclosed and whether there was actually an adverse consequence. But Lamas v. Butte Comity says that, and this is our circuit, any liberty interest concerns would be eliminated if the offending record is expunged prior to disclosure. That's also consistent with Graves v. Duggan. Sure. Or Duggan, which you rely on very prominently. Sure. Well, the distinction between this and Lamas would be that in those cases it was the personnel file that was the public record. Putting anything into the personnel file made it a public record. Here, this notice of non-renewal by itself was a public record. Under Arizona's public records laws, that document cannot be destroyed. There's nothing to expunge from it. It is what it is. It is what it was when it was created. And so it is distinct from Lamas in the sense that that was a personnel file that could be cleaned out. Here we're looking at a document that was a public record that contained stigmatizing and false allegations of dishonesty. You see, it's at times like this that not only is the district court prejudiced by not having the matter raised, but we're prejudiced. I mean, Judge Campbell is from Arizona. He's much more familiar with Arizona law than any of the three of us. And arguments like the ones you were making are ones that would be very helpful for us to have his view on the sort of how the Arizona law operates in reality. Well, and the way I read Judge Campbell's order, it seemed to become apparent to me that he was relying closely or quite a bit on actual dissemination and whether it was actually ever given out to anybody. He was addressing the arguments you were making, and not only did you have an opportunity to review the issue under Local Rule 7-2, but it seems that you could have brought a motion under Rule 60 for relief from order. So you had two opportunities to bring the issue back to the district court. And, again, I have no response as to why we failed to do that. Do you wish to save your time for rebuttal a minute? I do. I will reserve the remainder of my time for rebuttal. Thank you. Thank you. Good morning, Your Honors. May it please the Court. My name is Don Johnson, and I am the attorney for the appellees, the defendants in this case. Your Honors hit on obviously what I think is the main issue that is presented here, and that's the liberty interest issue. And the questions from Your Honors ---- I thought what we hit on was the waiver issue, but go ahead. Well, I think that the waiver issue is ---- If you're listening carefully. Well, I think that the first component of our argument on the liberty interest issue is the fact that it is a brand-new argument for the appellants. And I think the questions and answers during counsel's presentation reflect the difficulty that we have here. Let me flip that one on you. I mean, it may not have been phrased in exactly the same phrasing, wording that they used in appeal. Maybe this is more felicitous wording, but wasn't this a sort of fair statement of what the issue was in the district court, enough to squeak by a waiver argument? Well, I disagree. The wording that was raised by the plaintiffs in the court below was enough to raise the issue of the creation of the letter being sufficient publication. And we've pointed out in our brief those portions of the plaintiffs' arguments below, both in their own opposition to our motion for summary judgment and in the complaint itself, where the bone that they're picking with the district is that this letter was handed to him and then was placed in his personnel file. That was the point they were raising with the district court in arguing that because it sat in his personnel file for some period of time, it was and because the argument is that the personnel file is a public record, then, therefore, there's sufficient publication. So there's never any construction that I think one can put on the plaintiffs' arguments below that the mere creation of the letter itself constitutes publication. That would be a brand-new principle of law. And it's one that if they wanted to make the argument to the district court, I think it would have been a fair argument to raise it there, but they didn't do it. I'm sorry. I'm not sure I understand the distinction you're trying to draw. If they argue that, look, they had the letter, they put it in the personnel file, the personnel file is a public record, why haven't they alleged everything they need to allege? Because they may be wrong. They may disagree with the substance of it. You know, the difference is the argument they were presenting was trying to make an argument on the basis of this Court's rulings in Cox and Lamas, trying to see which side of the spectrum or which side of the line do we fall on. Do we fall in a situation where we have a personnel file, the contents of which are subject to mandatory disclosure, which is obviously the Cox case, or do we have the Lamas case where a file contained a letter for a certain period of time but no longer contains that letter? There was never any argument presented to the district court that it doesn't matter whether it was ever placed in the personnel file or whether it was ever removed from the file. The argument that they're making now, the necessary extension, the necessary conclusion of the argument is that it's a public record and that we've had publication of that statement the minute Superintendent Allen types it up on a computer, I suppose, because then the statement is created. The appellant is taking the position that an exception applies. It's a purely legal issue. So the question is if the what additional facts would you have developed in the district court if the issue was properly raised or squarely raised? In other words, how have you been prejudiced? Well, the issues that would have to be developed, the factual issues include some of the ones that we referenced in our brief. The question of whether in the context of an actual public records request for the letter, the district could properly decline to make disclosure of the letter. And we've talked about the number of cases under Arizona law where a public entity such as the district need not make disclosure of that kind of a document. And so that would be, there would be a lot of facts associated with any particular request and the circumstances under which that request might be made. Do you concede it's a public record? I was just going to actually say, Your Honor, the other important factual consideration here is whether the document is a public record at all. We have never conceded that. I disagree with counsel's interpretations of our briefing. We have pointed out that it's, they never received any requests for it. The Arizona statute requires that the teacher be notified of the reason for termination. Yes, sir. Doesn't the statute create the record or cause a record to be created and, therefore, it is a public record? I would say we wouldn't necessarily agree that that's the necessary conclusion, Your Honor. The public records law defines public record as, if I could, all records reasonably necessary to maintain an accurate knowledge of their official activities. A letter like that would help, but it's not necessary. The question is whether the teacher received written notice. If a public entity like the school district has some other evidence, such as the teacher's statement that he received the notice, then that's sufficient evidence. So one doesn't necessarily conclude that the letter itself is necessary to the conduct of the district's business. So, now, that might be a fine argument to make. Those are the kinds of factual issues and legal issues that should get presented at the district court level and not raised for the first time on appeal. So, for those reasons, we would we suggest that's why the third exception does not apply. Let me ask you a question on a different matter. You have not argued that, in fact, the plaintiff got all the process that was due him because he did have a hearing. And I'm wondering about that. We have not argued that, Your Honor. And I was thinking about that last night myself. The fact is we believe that the plaintiff would be in position to make disputes of fact over the sufficiency of the process. He alleged in his papers and in his deposition that he was not allowed to attend one of the school board meetings, that he was not allowed to bring people to testify on his behalf in one of the school board meetings and so on. And so we felt that that was a factual issue that might preclude summary judgment. We also felt on the strength of the Lamas case and the distinction between this case and the Cox case that the law was sufficiently clear that to compel judgment on that basis alone. So that was the reason why we didn't raise the sufficiency of the process. You don't think we have to determine whether or not, assuming we reach the issue, it's not waived, whether or not under Arizona law a disclosure of this material is mandatory? Well, I think that to... Under Cox, if it's mandatory, then just putting it in a file is publication. I think that's correct. It's like posting it on a wall in a public square. Yes, sir. It becomes public the minute you post it, even though maybe you do it at midnight or 4 a.m. and nobody happens to be around. And, you know, by the time people show up, you've changed your mind and you take it down. Nevertheless, it was made public because there it was on a public wall where the public could have walked by and seen it, right? That's the construct of Cox. Yes, sir. So why don't we have to decide the question of this tricky question of Arizona law, which no Arizona court seems to have resolved? Well, I don't think that... I mean, what makes you think it's so clear-cut? What makes our position so clear-cut, Your Honor? Yes, you said clear-cut. Well, the fact is, the Cox case, as Your Honor correctly summarized it, if under State law disclosure of a particular document is mandatory, then that's the end of the argument. But the fact also is, and the law in Arizona also is to the effect that disclosure of a letter such as the letter at issue here is not mandatory. The district would have a lot of room, a lot of discretion not to disclose the document. And so Cox does not apply in our view, Your Honor. So if the district... So let me just make sure I understand how you're slicing this. There are some aspects of the personnel file that are public. Do you agree with that? Are you asking as a matter of fact in this case? As a matter of law in Arizona. I think it's certainly true. There are going to be some things that a district would create that would qualify as public records. I should clarify... If you are a parent or if you are a member of the public and you go up to the school, you would be required to be shown certain aspects of the personnel file of the teacher. I should clarify, there's no provision in Arizona law that says, quote, personnel files, unquote, are public records or not public records. It goes document by document, basically. So certainly a personnel file is going to include a lot of items that are inarguably public records. That's a true statement. That's a true statement of law. I see. So you wouldn't treat the file as a document. You would treat every piece of paper in the file separately. That's the way one would have to analyze it, Your Honor. Some pieces of paper would be public, I mean, would be mandatorily disclosed and some not. And your position is that the letter is not in the must-disclose category. That's correct, Your Honor, because in every situation the entity has discretion to take into account the various factors that we've referenced in our brief. My time has expired. I'd be happy to respond to any other questions the Court may have. Otherwise, thank you, Your Honors. You have a minute for rebuttal. Thank you, Your Honor. I will briefly address some of the issues that came up before. The school district relies somewhat on lawmess and focuses on this personnel file as the means for disclosure. Again, we're focusing on the notice of non-renewal, that it alone, regardless of whether it was put in the personnel file or not, that it alone was a public record subject to disclosure. Arizona's public records law does state that the custodian of the public records shall provide the records upon request. It shall. Again, there are exceptions. There is discretion. However, if you'd raised this issue in front of the district court, they very well could have considered whether it was possible to simply expunge the sensitive information from the notice of non-renewal, couldn't they? Well, perhaps the One might have said, rather than have the total notice of non-renewal, maybe expunge that portion relating to the reason and just leave in the notice. And the district court didn't get a chance to think about that, did they? Well, the problem in Cox, the court addressed expungement because they did do expungement. In this case, there's been no expungement. Well, but the district court didn't get a chance to think about it. Well, they were aware of the Cox decision and did address those issues. Well, it's real easy to be aware and not get asked and so not get a chance to do something. Sure. Well, again, our position is that I think what you want to say is in that case, we should send it back to the district court and give the district court a chance to consider it. Right? Well, obviously, yeah, that would be fine. I thought that would be fine. So I think your time is up. Thank you. Okay. Thank you. Well, thank you. The case is signed. We stand submitted.
judges: Kozinski, Smith, Otero